AO 91 (Rev 5/85) Criminal Complaint

# United States District Court

__Western__   **DISTRICT OF** ___Texas___

UNITED STATES OF AMERICA



FILED

DEC 29 2008

CLERK, U.S. D...
WESTERN DI...
BY_____

V.

1) Begmar Ivan RUIZ-Zuniga
2) Miguel Angel DOMINGUEZ

## CRIMINAL COMPLAINT

CASE NUMBER: _08-m-7162 G (1,2)_

I, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about __December 23, 2008,__ in __El Paso__ county, in the __Western__ District of __Texas__ defendant(s) did, knowingly receive, conceal, and facilitated the transportation, concealment, or sale of merchandise, article or object, prior to export, knowing that the same to be intended for exportation contrary to any law or regulation of the United States, to wit: defendants did receive, concealed and facilitated the transportation of, eleven (11) AK-47 7.62 X 39 assault rifles, one (1) upper receiver for an AR-15 assault rifle, 88 .50 caliber rifle rounds of ammunition, 1250 rounds of 5.56mm rifle ammunition, 4000 rounds of 7.62 X 39 rifle ammunition. 70 rounds of law enforcement 12 gauge shotgun demo rounds, and 50 rounds of 12 gauge shotgun slug, contrary to any law or regulation of the United States, to wit: Title 22 United States Code Section 2778, attempt to export items listed on the United States Munitions List (USML) without first obtaining a license or written permission from the United States Department of State.  The above listed firearms are listed under the USML Title 22 Code of Federal Regulations Section 121.1 Category 1(a) nonautomatic and semi-automatic firearms to caliber .50 inclusive (12.7mm), the upper receiver of the firearm is listed under the USML Title 22 Code of Federal Regulations Section 121.1 Category 1(g), and the ammunition is listed under the USML Title 22 Code of Federal Regulations Section 121.1 Category III (a) Ammunition/Ordnance.

in violation of Title _18_ United States Code, Section(s)_554(a)_.

I further state that I am a __U.S. Immigration and Customs Enforcement Special Agent__ and that this complaint is based on the following facts:

### See Attached Affidavit

Continued on the attached and made a part hereof:__X__ Yes _____ No

_____
Signature of Complainant
Ronald O. Marcell, Special Agent

Sworn to before me and subscribed in my presence,

_December 29, 2008_____
Date

at _El Paso, Texas_____
City and State

_Norbert J. Garney U.S Magistrate Judge____
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ronald O. Marcell, a Special Agent with the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE"), having been duly sworn, do hereby depose and state as follows:

I am a Special Agent with the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, Office of Investigations, El Paso, Texas. I am currently assigned to conduct investigations involving illegal exports and have served in this position since September 2005. My current responsibilities include investigating the illegal transfer of commodities, information, and services from the United States, which are regulated by the U.S. Departments of State, Commerce, and the Treasury. Prior to my appointment with ICE, I was a Supervisory Senior Inspector, and Senior Inspector with the Immigration and Naturalization Service for approximately five years. During that time, I was responsible for the supervision and directing of investigations involving violations of federal law.

I make this affidavit in support of a criminal complaint against Begmar Ivan RUIZ-Zuniga and Miguel Angel DOMINGEZ. I believe that probable cause exists to believe that Begmar Ivan RUIZ-Zuniga and Miguel Angel DOMINGUEZ knowingly receive, conceal, and facilitated the transportation, concealment, or sale of merchandise, article or object, prior to export, knowing that the same to be intended for exportation contrary to an law or regulation of the United States, to wit: defendants did receive, concealed and facilitated the transportation of, eleven (11) AK-47 7.62 X 39 assault rifles, one (1) upper receiver for an AR-15 assault rifle, 88 .50 caliber rifle rounds of ammunition, 1250 rounds of 5.56mm rifle ammunition, 4000 rounds of 7.62 X 39 rifle ammunition. 70 rounds of law enforcement 12 gauge shotgun demo rounds, and 50 rounds of 12 gauge shotgun slug, contrary to any law or regulation of the United States, to wit: Title 22 United States Code Section 2778, attempt to export items listed on the United States Munitions List (USML) without first obtaining a license or written permission from the United States Department of State. The above listed firearms are listed under the USML Title 22 Code of Federal Regulations Section 121.1 Category 1(a) nonautomatic and semi-automatic firearms to caliber .50 inclusive (12.7mm), the upper receiver is listed under the USML Title 22 Code of Federal Regulations Section 121.1 Category 1(g), and the ammunition is listed under the USML Title 22 Code of Federal Regulations Section 121.1 Category III (a) Ammunition/Ordnance.

I submit this affidavit for the limited purpose of obtaining a criminal complaint. This affidavit sets forth only those facts and circumstances necessary to establish probable cause for the issuance of the requested criminal complaint. This affidavit does not contain every material fact that I have learned during the course of this investigation. The information contained in this affidavit is based on my own personal knowledge and investigative efforts and information provided to me by other United States law enforcement officials during the course of this investigation.

Prior to December 23, 2008, information was received that an Ivan RUIZ was involved in the illegal export of firearms from the United States to Mexico. Ivan RUIZ was later identified as Begmar Ivan RUIZ-Zuniga, a citizen and national of Mexico non immigrant visa border crossing card holder. RUIZ had been surveilled by Immigration and Customs Enforcement (ICE) Special Agents (S/As) and several locations had been identified as places of interest for S/As, including 11824 Dick Mayers, El Paso, Texas. On December 22, 2008 at approximately 9:30 P.M. RUIZ's vehicle arrived at the above address and spent approximately 1 hour and then left the residence. Due to darkness and operational considerations, S/As were unable to identify the number of occupants in the vehicle. The residence appeared to be empty at this time.

On December 23, 2008, at approximately 4:30 P.M. while S/As were again conducting surveillance at 11824 Dick Mayers, S/As observed a tan van arrive at this address and while the van was backing into the driveway of this address, S/As approached the driver. S/As identified the driver of the van, and through the back window of the van two large bags were seen. S/As were able to see through the window what appeared to be the butt of a firearm. S/As asked if the driver of the van was in control of the van and the residence at 11824 Dick Mayers, and the driver stated that he was. S/As requested consent to search the van and the residence, which the driver agreed to. S/As found eleven (11) AK-47 7.62 X 39 assault rifles in the van along with several rounds of 7.62 X 39 ammunition, and several ammunition magazines. Inside the residence several thousand rounds of ammunition, body armor, and other military items were found.

During questioning of the driver, several radio push to talk calls were received by the driver. The name "Don Cabeson" was indicated on the drivers telephone. At approximately 7:15 P.M. the driver made a telephone call to "Don Cabeson" informing "Don Cabeson" that the driver did not know that firearms were involved in their dealings, and since the driver previously had problems with the police, he did not want anything to do with this deal. The driver of the van told "Don Cabeson" that he had placed the guns in the back closet of the residence and that he was leaving the residence.

At approximately 8:15 p.m. RUIZ and another individual later identified as, Miguel Angel DOMINGUEZ a United States citizen, drove past the residence on Dick Mayers. This is the same vehicle that RUIZ had driven to the residence on December 22, 2008. RUIZ and DOMINGUEZ then pulled into the driveway of the residence and honked the horn. RUIZ and DOMINGUEZ then left the area. ICE S/As then conducted a traffic stop on the vehicle driven by RUIZ. ICE S/As identified RUIZ and then brought both RUIZ and DOMINGUEZ back to the residence.

S/As showed both RUIZ and DOMINGUEZ the items in the residence and transported RUIZ to the ICE Office for later questioning. DOMINGUEZ was read his warning of rights, which DOMINGUEZ signed and waived his rights to having an attorney present at this time. DOMINGUEZ stated he lived with RUIZ at 7401 Phoenix Avenue Apartment 1528, El Paso, Texas. This address had been identified by S/As as an address that RUIZ frequented. DOMINGUEZ gave consent to search the apartment. DOMINGUEZ was taken to the apartment.

At 7401 Phoenix Avenue Apartment 1528, DOMINGUEZ opened the door and with in the apartment S/As found an upper receiver for an AR-15 .223 rifle along with several tools that appeared to be for working on firearms. S/As also found several telephones and what appeared to be large amounts of clothing that DOMINGUEZ stated belonged to RUIZ. DOMINGUEZ was then taken to the ICE Office for further questioning.
At the ICE Office, RUIZ was read his rights, which RUIZ initialed stating he understood, however RUIZ stated he did not want to sign anything but would answer questions concerning the firearms and ammunition found at the residence. RUIZ told S/As that he was told that he would need to find several items including the ammunition and firearms for export to Mexico. RUIZ stated he did not want to identify the individuals in Mexico that he was obtaining the ammunition and firearms for. RUIZ further stated that he did not purchase the firearms or ammunition and that all he was to do was arrange for the pick up the ammunition and firearms and that he would then turn them over to another individual that would smuggle the ammunition and firearms to Mexico. RUIZ stated that on one occasion, RUIZ received a telephone call to go to a location in downtown El Paso to pick up the ammunition that was seized at the residence. RUIZ stated he did not know who he had picked the ammunition up from. RUIZ admitted that he knew it was illegal to take the ammunition and firearms to Mexico, but that he had to do it. RUIZ was asked what DOMINGUEZ's role in the deals to obtain and export the firearms, and RUIZ stated that DOMINGUEZ was RUIZ's roommate and that he only knew of items at their apartment and not at the residence. RUIZ further stated that on one occasion, DOMINGUEZ had purchased three (3) firearms in Phoenix that were turned over to another individual for export to Mexico, however RUIZ was told the firearms were seized by ATF prior to export. RUIZ stated he did not want to give information on the individuals in Mexico but that he accepted the responsibility of his part in assisting in the illegal export of the ammunition and firearms.

DOMINGUEZ was question concerning the weapons found at the residence on Dick Mayers. DOMINGUEZ stated that he was unaware of the firearms at the residence, but that he had received a back pack with parts for firearms at he and RUIZ's apartment and that he was asked by RUIZ to care for the back pack and the DOMINGUEZ would receive payment after the back pack went to Mexico. DOMINGUEZ further stated that RUIZ had asked DOMINGUEZ if he knew a person that could drive to pick up and transport a van that would contain illegal merchandise. DOMINGUEZ was questioned concerning the purchase of three (3) firearms for RUIZ, and DOMINGUEZ stated he had purchased the firearms but they were stolen. DOMINGUEZ stated he did not know any other information concerning the firearms.

This criminal complaint was authorized by AUSA Greg McDonald.

 

 

_____
Special Agent Ronald O. Marcell
U.S. Immigration and Customs Enforcement,
U.S. Department of Homeland Security

SUBSCRIBED and SWORN before me
this 29th day of December 2008.

_____
HONORABLE NORBERT J. GARNEY
United States Magistrate Judge